```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,
v.                                  Case No. 8:14-cv-229-T-33TGW

RHONDA F. HUNTER,

               Defendant.
_____/
```

**ORDER**

This cause is before the Court pursuant to Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. # 9), which was filed on March 14, 2014. In the Motion, Plaintiff requests a default judgment against Defendant Rhonda Hunter in the amount of $17,348.68, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Court grants the Motion to the extent that it directs the Clerk to enter a Judgment in favor of the Government in the total amount of $16,948.68.

**I.   Default Judgment**

Federal Rule of Civil Procedure 55(a) sets forth the following regarding an entry of default:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear pursuant to Federal Rule of Civil Procedure 55(b)(2). DirecTV, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. See Tyco Fire & Sec. LLC v. Alcocer, 218 F. App'x 860, 863 (11th Cir. 2007) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Rather, a court must ensure that there is a sufficient basis in the pleadings for the judgment to be entered. Id. A default judgment has the effect of establishing as fact the plaintiff's well-pled allegations of fact and bars the defendant from contesting those facts on appeal. Id.

## II. Analysis

The Government initiated this action seeking the repayment of student loans from Rhonda Hunter, a resident of Hillsborough County, Florida, on January 30, 2014. (Doc. # 1). The Government served the summons and Complaint on Hunter on February 11, 2014. (Doc. # 6). Hunter did not respond to the Complaint, and on March 7, 2014, the Government sought entry of a Clerk's Default against Hunter. (Doc. # 7). In

connection with that Motion, the Government established that Hunter is not a member of the United States Armed Forces. (Id.). On March 10, 2014, the Clerk entered a Default against Hunter. (Doc. # 8).

Based upon the Clerk's Default and the well-pled factual allegations contained in the Complaint, the Government has established that Hunter owes $4,636.50 in unpaid principal plus $8,308.77 in interest for Account Number 2009A23573 and owes $1,072.94 in unpaid principal plus $1,990.47 in interest for Account Number 2009A23588. These amounts are described in detail in the Certificates of Indebtedness attached to the Motion for Default Judgment and are analyzed in the Government's Motion for Default Judgment. (Doc. # 9 at 9-10).

Steven M. Davis, Esq., private counsel for the Government, seeks attorney's fees in the amount of $1,300.00 for 6.5 hours at the hourly rate of $200.00. Counsel has filed a declaration outlining the time and resources allocated to this case. Although most of the items described in the fee ledger are acceptable and appropriate (for example, counsel seeks remuneration for preparing the Complaint, corresponding with Hunter, and preparing the Motions for Clerk's Default and Default Judgment), counsel also requests compensation for 2.0 hours for "Post Judgment Collection." (Doc. # 9 at 13).

3

However, the Court's Judgment has not yet been entered, and it appears that counsel is seeking to be compensated for work not yet undertaken. Although the case is in a state of default, it is not appropriate to grant a request for unearned fees. The Court determines that it is appropriate to award attorney's fees in the amount of $900.00, for 4.5 hours at the reasonable hourly rate of $200.00.[1] The Government is also entitled to a $40.00 fee for service. The Court further determines that a hearing on this matter is not needed because the amounts due are capable of accurate and ready mathematical computation or ascertainment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff United States of America's Motion for Entry of Default Judgment (Doc. # 9) is **GRANTED.**

(2) The Clerk is directed to enter Default Judgment in favor of the Government and against Rhonda Hunter in the amount of **$16,948.68** (consisting of $4,636.50 in unpaid

---

[1] The Government is entitled to attorney's fees under the Higher Education Act of 1965, 20 U.S.C. § 1071, which provides that in addition to the terms of any promissory note, "a borrower who has defaulted on a [student] loan shall be required to pay . . . reasonable collection costs." 20 U.S.C. § 1091a(b)(1). These costs include court costs and attorney's fees. See 34 C.F.R. § 30.60(a)(8).

      principal plus $8,308.77 in interest for Account Number 2009A23573; $1,072.94 in unpaid principal plus $1,990.47 in interest for Account Number 2009A23588; $40.00 for service fees; and $900.00 for attorney's fees).

(3) The Clerk is directed to **CLOSE THIS CASE**.

    **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of March, 2014.

                                    VIRGINIA M. HERNANDEZ COVINGTON
                                        UNITED STATES DISTRICT JUDGE

Copies: All Parties and Counsel of Record